UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

IN RE:
DAWN GENEVIEVE HERSMAN,                         CASE NO. 23-80332-JJG-7
                         Debtor.

RONNIE V. BURT,

                 Plaintiff,

         vs.                                    ADVERSARY NO. _____

DAWN GENEVIEVE HERSMAN,

                 Defendant.

## **<u>COMPLAINT TO DETERMINE DISCHARGEABILITY</u>**

The Plaintiff herein, Ronnie V. Burt, by counsel, respectfully requests that the Court enter an Order determining the dischargeability of a debt owed to him by the Debtor, Dawn Genevieve Hersman, and for his Complaint states the following:

1.      Defendant, Dawn Genevieve Hersman, is a debtor in this Chapter 7 action. Plaintiff, Ronnie V. Burt, is a creditor of Defendant.

2.      This is an adversary proceeding under 11 U.S.C. §523(c) to determine whether the debt owed by Defendant is excepted from discharge.

3.      This Court has jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. Sections 157 and 1334 and 11 U.S.C. Section 523. This is a core proceeding under 28 U.S.C. Section 157(b)(2)(I).

4.      The debt arises out of a pending action by Plaintiff against Defendant in the Vigo Superior Court, entitled Ronnie V. Burt v. Dawn G. Hersman, Melissa A. Gentry, Jn4k, LLC, and Sooner Business Holdings, LLC, under Cause Number 84D01-2111-CT-006753. The complaint alleges that Defendant fraudulently sold and transferred property, belonging to Defendant, thereby depriving Defendant of its use and value.

5.      Specifically, on or about September 10, 2021, Defendant forged, or at her direction had someone else forge, Plaintiff's signature on a Warranty Deed, conveying the real property, commonly known as 8005 Gospel Grove Avenue, Terre Haute, Indiana 47803 to Jn4K, LLC.

6.    Defendant knew she had no legal authority to execute, or have someone else execute, Plaintiff's signature on the Warranty Deed.

7.    In reliance on the purported signature on the Warranty Deed, the Vigo County Recorder accepted and recorded the deed, thereby depriving Plaintiff of title to the real property.

8.    Additionally, Plaintiff was the owner of a 2006 Dodge Ram 1500 pickup truck, bearing a vehicle identification number of 1D7KS28C86J193116.

9.    Upon information and belief, Defendant forged, or at her direction, had someone else forge, Plaintiff's signature on the title to said pickup truck.

10.    Defendant knew she had no legal authority to execute, or to have someone else execute, Plaintiff's signature on the title to the pickup truck.

11.    Upon information and belief, in reliance on the purported signature on the title to the pickup truck, the Indiana Bureau of Motor Vehicles transferred title to the pickup truck to a third party, depriving Plaintiff of title to the pickup truck.

12.    Plaintiff is entitled to consideration from the sale of the real property and the pickup truck, both of which are the rightful property of Plaintiff.

13.    As a direct and proximate result of Defendant's forgery, Plaintiff has suffered, and will continue to suffer, irreparable loss, harm, and damage.

14.    The debt owed to Plaintiff is for money obtained by false pretenses, a false representation, and/or actual fraud, warranting a denial of discharge, pursuant to 11 U.S.C. Section 523(a)(2).

15.    Defendant's fraudulent acts constitute larceny, warranting a denial of discharge, pursuant to 11 U.S.C. Section 523(a)(4).

16.    Plaintiff has been harmed by the aforementioned fraudulent acts of Defendant, which were willful and malicious, and which warrant a denial of discharge under 11 U.S.C. Section 523(a)(6).

17. Plaintiff consents to the entry of final judgment by the Bankruptcy Judge.

WHEREFORE, the Plaintiff herein, Ronnie V. Burt, prays that the Court enter judgment against the Defendant, Dawn Genevieve Hersman, and determine such judgment to be non-dischargeable in the Defendant/Debtor's bankruptcy proceedings, and for all other just and proper relief in the premises, including reasonable costs and attorney's fees.

WILKINSON, GOELLER, MODESITT,
WILKINSON & DRUMMY
333 Ohio Street, P. O. Box 800
Terre Haute, IN  47808-0800
(812) 232-4311
(812) 235-5107

By: /s/ Rema Sulieman
        Rema Sulieman #35812-84
        ATTORNEY FOR PLAINTIFF


<u>CERTIFICATE OF SERVICE</u>

I certify that on November 17, 2023, a copy of the attached was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Richard John Shea, Jr.; ecf@sawinlaw.com
Lou Ann Marocco; trustee@maroccolawindy.com
United States Trustee, S.D., IN; ustpregion10.in.ecf@usdoj.gov

I further certify that a true and accurate copy of the attached was served on all creditors and other parties in interest by depositing in the U.S. Mail on November 17, 2023, at the addresses listed on the creditor matrix which is attached herewith.

Attorney for Creditor


 /s/ Rema Sulieman
Rema Sulieman, #35812-84


Wilkinson, Goeller, Modesitt,
Wilkinson & Drummy, LLP
333 Ohio Street
Terre Haute, IN 47807
Tel (812) 232-4311
Fax (812) 235-5107
rsulieman@wilkinsonlaw.com